3017.  THOMPSON *v.* SLOSS-SHEFFIELD STEEL &
IRON COMPANY.

No error of law is complained of, and the evidence demanded the judgment
rendered.

DECIDED AUGUST 4, 1911.

Complaint; from city court of Thomasville—Judge W. H. Hammond.  September 28, 1910.

*Roscoe Luke,* for plaintiff in error.

*W. J. Hammond, Theodore Titus,* contra.

HILL, C. J.  The Sloss-Sheffield Steel & Iron Company brought suit in the city court of Thomasville against C. L. Thompson, doing business as the Thomasville Iron Works, on an account for a car-load of pig iron, for $464 and interest.  A bill of particulars was attached to the petition.  The defendant admitted by his plea that he was doing business as the Thomasville Iron Works, but denied that he was indebted to the plaintiff on the account sued on, or for any other amount for the pig iron.  On the trial the plaintiff introduced as a witness the defendant, who testified, that he was doing business as the Thomasville Iron Works; that he had received the car-load of pig iron which had been shipped to him by the plaintiff, under a written contract; and that he had agreed to pay the plaintiff for all the pig iron $16 per ton, with interest thereon.  This amounted to $464, according to the bill of particulars, which the defendant admitted.  He also admitted that the iron was received by the Thomasville Iron Works, or by him operating as the Thomasville Iron Works, and that it was melted by the iron works; but he stated that the iron was of no value to him, and that neither he nor the Thomasville Iron Works owed the plaintiff anything for the pig iron.  This was all the evidence, and the judge, trying the case without the intervention of a jury, found in favor of the plaintiff the principal sum sued for, with the interest due thereon.  The defendant filed a motion for a new trial, based upon the general grounds alone, and the refusal of the motion is assigned as error.

In our opinion the evidence demanded the finding.  The defendant admitted receiving the iron.  He admitted the agreement to pay for the iron the price for which the suit was brought.  He admitted that the iron was used by him.  He did not file any plea of payment or of partial payment, nor did he set up total or partial failure of consideration.  His only defense was that the

38

iron was of no value to him; that neither he nor the Thomasville Iron Works owed the plaintiff anything therefor. It would be a remarkable situation if, after having admitted the receipt of the iron and the use of it, and the agreement to pay for it as set out in the suit, he should be permitted to escape payment by the simple statement that the iron was of no value to him, and that he owed nothing therefor. This general statement, denying indebtedness, is in the teeth of the facts clearly proving indebtedness, and in fact has no probative value whatever. He certainly owed for the iron, under his admission, unless it was worthless, and he made no plea of total failure of consideration. Having admitted that he received and used the iron, if it was not entirely worthless, he would owe its real value, and his duty was to plead and prove any partial failure of consideration. While the brief of evidence is probably not as explicit and as full as it should have been, yet it is ample, in connection with the pleadings, to show that the defendant owed this account, and that he set up absolutely no defense.                                    *Judgment affirmed.*